# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NARESH KUMAR,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 25-6238** |
| **v.** | : | |
| | : | |
| **BRIAN McSHANE,** *et al.*, | : | |
| *Respondents*. | : | |

# ORDER

**AND NOW**, this 31ˢᵗ day of December 2025, upon consideration of Petitioner Naresh Kumar's ("Mr. Kumar") *status report*, (ECF 12), and Respondent's response in opposition, (ECF 13), it is hereby **ORDERED** that the relief sought by Mr. Kumar in his status report is **DENIED**.[1] The parties are to file a joint report providing this Court an updated status of Mr. Kumar's detention matter and his BIA appeal by January 16, 2026.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] On November 3, 2025, Mr. Kumar, a citizen of India, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his October 28, 2025 detainment at the Federal Detention Center in Philadelphia, Pennsylvania by the Department of Homeland Security. On December 23, 2025, this Court issued an Order granting, *in part*, Mr. Kumar's *habeas* petition and directing Respondents to, *inter alia*, provide Mr. Kumar a bond hearing within five days of the Order and an opportunity to appeal any denial of bond to the Board of Immigration Appeals ("BIA"). (ECF 11). On December 29, 2025, Mr. Kumar had a Custody Redetermination Hearing (bond hearing) at the Immigration Court in Elizabeth, New Jersey, before Immigration Judge ("IJ") Tamar Wilson. At the conclusion of the hearing, IJ Wilson denied Mr. Kumar's request for bond, finding that Mr. Kumar "has not established he is not a flight risk." (ECF 13-1 at p. 1). Mr. Kumar reserved his right to appeal the denial decision and IJ Wilson set the appeal due date for January 29, 2026. (*Id.* at p. 2).

In a status report filed on December 30, 2025, Mr. Kumar requests that this Court find that the December 29, 2025 bond hearing was fundamentally unfair, "assume jurisdiction over Mr. Kumar's custody, and order [that] he be immediately released or given a Constitutionally compliant bond hearing before this Honorable Court." (ECF 12 at pp. 1, 5). Respondents argue that Mr. Kumar's request is premature as he has not appealed IJ Wilson's decision to the BIA. (ECF 13). Given that Mr. Kumar has been provided an opportunity to appeal the denial of bond in compliance with this Court's December 23, 2025 Order, Mr. Kumar's current request is denied.